IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARLA R. BEAL, etc. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 2:15cv580-WHA |
| HONEYWELL INTERNATIONAL , INC., ) | (wo) |
| Individually and d/b/a HONEYWELL ) | |
| AEROSPACE, a Division of Honeywell, ) | |
| International, Inc., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss Plaintiff's Complaint for Improper Venue (Doc. #26).

The Plaintiff, Darla R. Beal ("Beal") filed a Complaint in this case on August 10, 2015, bringing a claim for negligence (Count I), a claim under the Alabama Extended Manufacturer Liability Doctrine (Count II), and claim for breach of warranty (Count III).   In the Complaint, Beal alleges diversity subject matter jurisdiction and that venue is proper under 28 U.S.C. §1391(b)(1) and (c)(2) because Defendant Honeywell International, Inc. ("Honeywell") maintains a registered agent in this district and division and is subject to personal jurisdiction here.

The Defendant filed a Motion Pursuant to Rule 12(b)(3), asking the court to dismiss the case for improper venue.

For reasons to be discussed, the Motion to Dismiss is due to be denied, but the court will order transfer in the interest of justice.

## II. STANDARD FOR MOTION TO DISMISS FOR IMPROPER VENUE

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may assert a defense of improper venue by motion. Pursuant to § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III.  FACTS

According to the allegations of the Complaint, Plaintiff Beal is the surviving spouse of Cerea Beal, Jr. and a resident of North Carolina. Cerea Beal, Jr. was the pilot of a UPS Airbus A300-600F, which impacted the ground and crashed on its approach to Runway 18 at the Birmingham-Shuttlesworth International Airport in Birmingham, Alabama. Cerea Beal, Jr. died as a result of this crash.

The Complaint alleges that the aircraft was equipped with an Enhanced Ground Proximity Warning System ("EGPWS") designed and manufactured by Honeywell. The EGPWS is alleged to have lacked the ability to provide timely "Sink Rate," "Pull Up," or "Too Low Terrain" warning alerts to the flight crew of the UPS Flight 1354 as it flew the instrument approach to Runway 18 at

2

the airport. (Doc. #1 at ¶32).   The EGPWS is manufactured by Honeywell in the State of Washington.   The Complaint alleges that Honeywell is organized under the laws of Delaware and has its principal place of business in Delaware and is a domiciliary of either Delaware or New Jersey.

The Complaint states that Honeywell is authorized to do business, and was doing business in this judicial district.   The Complaint pleads that Honeywell has a registered address in Montgomery, Alabama, which is within the Middle District of Alabama.

## IV.  DISCUSSION

Honeywell relies on 28 U.S.C. §1391(d)[1] in moving for dismissal, and points out that it only has a registered agent in Alabama.   Honeywell argues that it does not maintain sufficient contacts with this district to authorize the exercise of personal jurisdiction.   Honeywell states that the crash occurred in Birmingham, AL which is in the Northern District of Alabama, and that the conduct alleged relative to the EGPWS occurred in the State of Washington.   Honeywell has provided the Declaration of John Eller to establish that Honeywell does not maintain any offices or manufacturing facilities in the Middle District of Alabama, and that the EGPWS at issue has had no contact with the Middle District of Alabama. (Doc. #26-2).

While Beal does not explicitly concede that venue is not proper here, in her response brief she does not contest these factual points.   Beal argues instead that venue is proper in the Northern

---

[1] For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.
28 U.S.C. §1391(d).

3

District of Alabama pursuant to 28 U.S.C. §1391(b)(2).

As set forth above, under 28 U.S.C. § 1391(b)(2), venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "The statute's language is instructive," so that "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

Beal argues that the interest of justice is served by transfer to the Northern District of Alabama, citing 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Beal's position is that because a claim for wrongful death under Alabama law must be commenced within two years, and the time period cannot be tolled, if the court were to dismiss her Complaint, her claims would be barred. Beal also argues that the Northern District of Alabama is the most convenient transferee district because the crash and resulting investigation occurred there. Beal alternatively states that the case could be transferred to the Western District of Washington.

In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Id. at 466. The plaintiff in *Goldlawr* would have suffered an injustice had the court dismissed its case because the statute of limitations had run on the majority of its claims. *See id.*

Honeywell argues against a transfer, arguing that the standard for transfer in the interest of justice has not been met and that the case should be dismissed.  Honeywell cites to *Nuckols v. Stevens*, No. 2:14cv705-WKW, 2014 WL 5197205 (M.D. Ala. Oct. 14, 2014), for the proposition that transfer is not warranted if the plaintiff fails to show she made an erroneous guess as to an elusive fact.   One of the dispositive factors in the *Nuckols* decision, however, was that the statute of limitations would not bar the plaintiff's claim if the case were dismissed.   *Id.* at *4.

Honeywell also disputes that Beal's claims are time-barred, pointing out that the State of Washington has a three year statute of limitations for products liability and a three year statute for wrongful death.

The issue of whether the statute of limitations would bar Beal's claim if the case were dismissed is a complicated one.   Although Honeywell argues that applying conflict of laws principles, Washington's three-year statute would apply in the instant case, without further briefing from the parties on Washington law, the court is not persuaded that that conclusion can be definitively drawn.   In a case in which a wrongful death action was brought in Washington but the State of Kansas was the place of the accident and death, the Washington court looked to each state's relationship with the case and then considered each state's interest in the case, before concluding the Washington law applied.   *See Johnson v. Spider Staging Corp.*, 55 P.2d 997 (Wash. 1976).   It is unclear to this court how the factors would be balanced in this case by a Washington court.   It also appears that the mere fact that the statute of limitations has passed in a forum is not a factor in the conflict of laws analysis.   *Rice v. Dow Chem. Co*., 875 P.2d 1213, 1219 (Wash. 1994) (stating "[w]e follow a number of courts in other jurisdictions which have not been deterred from applying the statute of repose of the nonforum state, even where such application

5

would bar plaintiff's claim from accruing and where plaintiff's claim would not have been barred under forum law.").

Honeywell also cites to *Manley v. Engram*, 755 F.2d 1463, 1472 (11th Cir. 1985), for the proposition that §1406 is not intended to "sanction open and blatant forum-shopping by plaintiffs who knowingly file suit in their preferred forum without a good faith belief that venue is proper there." Honeywell disputes that the Northern District of Alabama is a convenient forum, stating that neither party is a resident of Alabama, and stating that National Transportation and Safety Board accident-related documents are posted on the internet.

While Beal has not offered an explanation for why her case was filed in the Middle District of Alabama, nothing before the court indicates she lacked a good faith belief that venue was proper here, given that she pled facts in her Complaint regarding Honeywell's registered agent in Alabama. Because the court cannot conclude based on the record that Beal's claims will not be time-barred if the court were to dismiss her Complaint the court finds that, in the interest of justice, this case should be transferred to the Northern District of Alabama, where the crash occurred and was investigated.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss Plaintiff's Complaint for Improper Venue is DENIED but, in the interest of justice, pursuant to 28 U.S.C. § 1406(a), the case is due to be transferred.

2. The Clerk is DIRECTED to take the necessary steps to transfer this case to the United States District Court for the Northern District of Alabama.

Done this 8th day of December, 2015.

                                                /s/ W. Harold Albritton_____
                                                W. HAROLD ALBRITTON
                                                SENIOR UNITED STATES DISTRICT JUDGE